UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC | No. 2:22-cv-2086-WBS-KJN |
| Plaintiff, | ORDER |
| v. | |
| WALEED SMOKE SHOP INC. D/B/A SMOKERS GIFT SHOP, ET AL., | |
| Defendants. | |

Presently pending before the court is plaintiff GS Holistic, LLC's ("plaintiff's") motion for default judgment against defendant Waleed Smoke Shop Inc., d/b/a Smokers Gift Shop, and defendant Waleed Abdul Rashid ("defendants").[1] (ECF No. 14.) To date, defendants have not opposed plaintiff's motion or otherwise made appearances in this action.

For the reasons set forth below, the court DENIES plaintiff's motion without prejudice.

////////
////////
////////
////////

---

[1] This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Local Rule 302(c)(19).

1

I.  Relevant Background

Plaintiff is a Delaware company with its principal place of business in California. (ECF No. 1 at ¶ 5.) Plaintiff makes and sells smoking products and is the registered owner of three "Stündenglass" trademarks:

- U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.
- U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.
- U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

(Id. at ¶¶ 9, 11.)

Plaintiff alleges that on October 20, 2022, defendants sold a glass infuser affixed with a Stündenglass Mark to plaintiff's investigator. (Id. at ¶¶ 29-30.) "Images and/or the physical unit" of the glass infuser "were inspected by [plaintiff's] agent to determine its authenticity." (Id. at ¶ 31.) Upon inspection, plaintiff determined the glass infuser "was a Counterfeit Good with an Infringing Mark affixed to it." (Id.) The complaint states "[t]he marks … are identical with, or substantially indistinguishable from, the Stündenglass Trademarks." (Id. at ¶ 28.) The complaint does not state which of the three Stündenglass Marks was affixed to the glass diffuser or allege any facts showing that the marks on defendants' product were identical or substantially indistinguishable from the trademark.

Plaintiff filed this action on November 17, 2022, presenting claims of trademark infringement (15 U.S.C. § 1114), and false advertising (15 U.S.C. § 1125(a)). (Id. at 10-13.) Plaintiff served defendants on February 8, 2023. (ECF Nos. 4, 5.) Defendants failed to answer the complaint, after which the clerk entered default against defendants. (ECF No. 13.) Plaintiff moved for default judgment on April 10, 2023, seeking an award of $150,000.00 in statutory

damages ($50,000 per Mark), an injunction, and costs of $921.73.  (ECF No. 14 at 10.)  Defendants have not appeared or filed any response.

## II.	Legal Standard – Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

In making this determination, the court may consider the following factors:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law")

(citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

III.    Analysis

The court denies plaintiff's motion for default judgement because plaintiff has not satisfied the second and third Eitel factors; i.e., the merits of plaintiff's substantive claim and the sufficiency of the complaint. See Eitel, 782 F.2d at 1471-72. See also GS Holistic, LLC v. Raven Smoke Shop, Inc., No. 22-7199, 2023 WL 5504964, at *5 (C.D. Cal. July 10, 2023) (denying motion for default judgment based on inadequate pleadings); Abney, 334 F. Supp. 2d at 1235 ("[A] default judgment may not be entered on a legally insufficient claim.")

Plaintiff alleges trademark infringement and false designation of origin. (ECF No. 1 at 10-13.) To state either claim, plaintiff must adequately allege 1) the existence of a valid trademark, 2) the defendant used the mark, and 3) the defendant's use of the mark is likely to cause confusion. Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 969 (9th Cir. 2007). See Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2008) (using the same likelihood of confusion test to analyze trademark infringement and false designation of origin).

A. Existence of a Valid Trademark

Registration of a mark "on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services specified in the registration." Applied Info., 511 F.3d at 970 (internal citation omitted). Here, plaintiff has sufficiently alleged that he has three valid, protectable trademarks. (See ECF No. 1 at ¶ 11.) Because the complaint sufficiently alleges that three trademarks are federally registered to plaintiff, the first prong of trademark infringement is adequately plead.

B. Defendants' Use of the Mark.

Plaintiff's complaint lacks sufficient clarity regarding defendants' use of the trademark. The complaint alleges that defendants sold a glass infuser affixed with "a Stündenglass Mark". (Id. at ¶ 30.) However, plaintiff's motion for default judgment alleges that the glass diffuser contained "three (3) fake Stündenglass Marks." (ECF No. 14 at 8.) Based on these two

statements, it is not clear to the court whether each of the Stüdenglass Marks were affixed, or if one trademark was affixed multiple times. This discrepancy causes the court to doubt the strength of the merits of plaintiff's substantive claims. See Eitel, 782 F.2d at 1471.

### C. Likelihood of Confusion

Plaintiff has not adequately shown the third element, likelihood of confusion. Courts determine likelihood of confusion using the following Sleekcraft factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and degree of care consumers are likely to exercise in purchasing them; (7) intent of the defendant in selecting the mark; and (8) likelihood that the parties will expand their product lines. See AMF Incorporated v. Sleekcraft Boats, 599 F.2d 341, 348–54 (9th Cir. 1979). Courts need not engage in the Sleekcraft analysis if the plaintiff alleges the use of a counterfeit mark. See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc., 658 F.3d 936, 945 (9th Cir. 2011) ("The late comer who deliberately copies the dress of his competitors already in the field ... raises a presumption that customers will be deceived." (citation omitted)).

Here, the complaint does not allege sufficient facts from which the court can infer a likelihood of confusion under the Sleekcraft factors. While plaintiff's motion makes passing reference to the Sleekcraft factors, plaintiff makes little to no effort to apply the applicable legal standard to the sparse facts of this case. (ECF No. 14 at 8, "[d]efendants used images and names identical to or confusingly similar to the Stündenglass Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Marks[;] [d]efendants' use of the Stündenglass Marks includes importing, advertising, displaying, distributing, selling, and/or offering for sale unauthorized copies of Stündenglass branded products" and "[d]efendants' offering to sell, selling, importing and encouraging others to import Counterfeit Goods bearing the Infringing Marks in this manner was and is likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods.")

The complaint also fails to adequately allege that defendants sold a counterfeit product. To plead a counterfeiting claim, a plaintiff must establish (1) a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark, where (2) the

5

plaintiff's genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark. Louis Vuitton, 658 F.3d at 946. The complaint states the "unauthorized use of counterfeit marks of the registered Stündenglass Trademarks ... is likely to cause confusion or mistake in the minds of the public." (ECF No. 1 at ¶ 56.) But this is a conclusory statement and not a factual allegation, and the court need not accept it is true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Plaintiff's complaint fails to identify the specific genuine mark used by defendants, the similarities of the marks, nor provides any pictures or other evidence of the two marks, and thus lacks sufficient facts from which the court can infer counterfeiting. Therefore, plaintiff has not adequately plead the third element, likelihood of confusion, and has not adequately alleged trademark infringement or false designation of origin claims. See Applied Info. Scis. Corp., 511 F.3d at 969.

Accordingly, the court finds that plaintiff's allegations are insufficient for the purposes of default judgment. Bailey v. HVSN Enters. Inc., No. 20-01744, 2021 WL 794501, at *2 (C.D. Cal. Mar. 2, 2021) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default") (cleaned up). See also GS Holistic, LLC v. Alien Smoke Shop, 2023 WL 3402589, at *1 (C.D. Cal. Mar. 17, 2023) ("[T]he court has discretion to require some proof of the facts that must be established in order to determine liability.")

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The motion for default judgment, ECF No. 14, is DENIED without prejudice.
2. The default previously entered against defendants is hereby VACATED. (ECF No. 13).
3. If plaintiff chooses to amend the complaint to address the deficiencies identified herein, any amended complaint must be filed and served according to Rule 4 and within twenty-eight (28) days.

////

4. If plaintiff timely files an amended complaint, defendants' response is due no later than twenty-one (21) days from the date of the filing.

Dated: December 22, 2023

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gscho.2086